## STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS

Chapter 7

In re:  S&A Properties Corp.                                        Case Number:     08-41899
        Debtor.

---

This statement is to be completed by every debtor. Spouses filing a joint petition may file a statement on which the informaiton for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None."
If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, mangaging executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101.

---

1. Income from employment or operation of business

None ☑    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

    Reported on a consoldited basis for S&A Restaurant Corp. and Subsidiaries. Please refer to S&A Restaurant Corp. SOFAs.

---

2. Income other than from employment or operation of business

None ☑    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two year immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

    Reported on a consoldited basis for S&A Restaurant Corp. and Subsidiaries. Please refer to S&A Restaurant Corp. SOFAs.

3. Payments to Creditors

None ☐

b. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> The information attached as Attachment 3a includes all payments to vendors from May 1, 2008 date to July 28, 2008 date. This listing doesn't include any compensation related payments such as payroll, flexible spending accounts, or severance.

None ☐

c. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Information was not available at time of filing due to ACS shutdown of computer system.

None ☐

4. Suits, executions, garnishments, and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In the ordinary course of business, certain employees of the Debtor may have wages subject to garnishment. Other than those ordinary course items, the Debtor is not aware of any property that has been attached, garnished or seized within one year immedia

5. Repossessions, foreclosures, and returns

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

6. Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

7. Gifts

None ☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

    See #3a

### 10. Other transfers

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against debts or deposits of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

    The debtor has listed all setoff transactions that they are currently able to identify. There may be other setoff transactions that the debtors have not been able to identify.

### 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None ☑

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

None ☑     16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within the eight-year period immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

17. Environmental Information

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑     a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑     b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑     c. List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

18. Nature, location, and names of business

None ☐     a. If the Debtor is an individual, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six-years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the six-years immediately preceding the commencement of this case.

   If the debtor is a partnership, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the six-years immediately preceding the commencement of this case.

   If the debtor is a corporation, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a parent or owned 5 percent or more of the voting securities, within the six-years immediately preceding the commencement of this case.

None ☑     b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six-years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

See 19a Attached

None ☐ b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | AUDIT REPORT DATED |
|---|---|
| Unaudited | Unaudited |
| Unaudited | Unaudited |

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

20. Inventories

None ☑ a. List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

Not Known

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

22. Former partners, officers, directors, and shareholders.

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within one year immediately preceding the commencement of this case.

23. Withdrawals from a partnership or distributions by a corporation

None ☑ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

    Not Known

### 24. Tax Consolidation Group

None ☑ | If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of this case.

<u>Parent Corporation Name and Federal Tax ID</u>

S & A Restaurant Corp. and Subsidiaries

### 25. Pension Funds

None ☑ | If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of this case.

S&A Properties Corp. Attachment 3b

Case Number:   08-41899

3b. Payments made to creditors within the period May 1, 2008 - July 28, 2008

| Payee | Address | City, State & Zip | Date of Payment | Payment Number | Payment Amount | Total Amount Paid |
|---|---|---|---|---|---|---|
| CNL FUNDING 2000-A LP | % CNL FINANCIAL SERVICES LP ACCOUNT 001264 | ATLANTA, GA 30384-2493 | 6/6/2008 | 2373 | $19,973 | |
| | | | TOTAL CNL FUNDING 2000-A LP | | | $19,973 |
| CNL NET LEASE FUND 2001 LP | % CNL FINANCIAL SERVICES, LP PO BOX 402800 | ATLANTA, GA 30884-2800 | 5/9/2008 | 509080002 | $10,488 | |
| CNL NET LEASE FUND 2001 LP | % CNL FINANCIAL SERVICES, LP PO BOX 402800 | ATLANTA, GA 30884-2800 | 5/10/2008 | 512080028 | $26,450 | |
| CNL NET LEASE FUND 2001 LP | % CNL FINANCIAL SERVICES, LP PO BOX 402800 | ATLANTA, GA 30884-2800 | 5/10/2008 | 512080028 | $26,450 | |
| CNL NET LEASE FUND 2001 LP | % CNL FINANCIAL SERVICES, LP PO BOX 402800 | ATLANTA, GA 30884-2800 | 6/6/2008 | 512080026 | $15,769 | |
| CNL NET LEASE FUND 2001 LP | % CNL FINANCIAL SERVICES, LP PO BOX 402800 | ATLANTA, GA 30884-2800 | 6/6/2008 | 512080025 | $15,918 | |
| CNL NET LEASE FUND 2001 LP | % CNL FINANCIAL SERVICES, LP PO BOX 402800 | ATLANTA, GA 30884-2800 | 6/6/2008 | 512080027 | $14,432 | |
| | | | TOTAL CNL NET LEASE FUND 2001 LP | | | $109,507 |
| DAN TESLA | ***WIRE ONLY*** 2605 S DURANGO DR #203 | LAS VEGAS, NV 89117 | 5/9/2008 | 509080004 | $12,303 | |
| | | | TOTAL DAN TESLA | | | $12,303 |
| DAYTON RITE AID LLC | ****WIRE ONLY*** 15915 VENTURA BLVD PH2 | ENCINO, CA 91436 | 6/6/2008 | 508080002 | $20,092 | |
| | | | TOTAL DAYTON RITE AID LLC | | | $20,092 |
| GIBRALTAR 1031 RESTAURANTS | NO 1 MASTER LLC **ACH ONLY** | SANTA BARBARA, CA 93103 | 5/1/2008 | 505080008 | $20,346 | |
| GIBRALTAR 1031 RESTAURANTS | NO 1 MASTER LLC **ACH ONLY** | SANTA BARBARA, CA 93103 | 5/1/2008 | 505080010 | $15,769 | |
| GIBRALTAR 1031 RESTAURANTS | NO 1 MASTER LLC **ACH ONLY** | SANTA BARBARA, CA 93103 | 5/1/2008 | 505080009 | $23,653 | |
| | | | TOTAL GIBRALTAR 1031 RESTAURANTS | | | $59,768 |
| JOHN J CHARLESTON | ***WIRE ONLY*** 701 PIONEER | LAS VEGAS, NV 89107 | 6/6/2008 | 508080004 | $12,411 | |
| | | | TOTAL JOHN J CHARLESTON | | | $12,411 |
| JOHN LEE | LEE PROPERTIES 3213 OAK BLUFF LANE | DUBLIN, CA 94568 | 5/9/2008 | 509080001 | $12,776 | |
| | | | TOTAL JOHN LEE | | | $12,776 |
| ROBERT P. WENZEL | ***ACH ONLY**** 2240 CAMINO A LOS CERROS | MENLO PARK, CA 94025 | 5/8/2008 | 508080001 | $15,689 | |
| ROBERT P. WENZEL | ***ACH ONLY**** 2240 CAMINO A LOS CERROS | MENLO PARK, CA 94025 | 5/8/2008 | 508080001 | $15,689 | |
| | | | TOTAL ROBERT P. WENZEL | | | $31,378 |
| THE HOLLAND FAMILY LLC | ***ACH WIRE*** 616 WILLIAM ST | BERLIN, MD 21811 | 5/13/2008 | 3797300134 | $13,820 | |
| THE HOLLAND FAMILY LLC | ***ACH WIRE*** 616 WILLIAM ST | BERLIN, MD 21811 | 5/16/2008 | 617 | $829 | |
| | | | TOTAL THE HOLLAND FAMILY LLC | | | $14,648 |
| | | | | TOTAL | | $292,857 |

1

S&A Properties Corp.  Attachment 4a(ii)
Case Number: 08-41899

4a(ii). Suits and Administrative Proceedings - Debtor as Defendant

| Category | Case Name | Case Number | Court Name and Location |
| --- | --- | --- | --- |
| INSURED | BARBARA GUNTER V. STEAK AND ALE PROPERTIES CORP | 08-2431-CA-G | CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR MARION COUNTY, FLORIDA |
| INSURED | DORIS RUGGIERI V. S&A PROPERTIES CORP | 703377 | COURT OF COMMON PLEAS BUCKS COUNTY, PENNSYLVANIA |
| NON-INSURED | CT-STAMFORD FORUM, LLC V. STEAK AND ALE OF CONNECTICUT, INC., S&A PROPERTIES CORP. | SNSP-033958 | SUPERIOR COURT, JUDICIAL DISTRICT OF STAMFORD/NORWALK HOUSING SESSION |
| REAL ESTATE | FLORIDA RETAIL FEDERATION SELF INSURERS FUND V. STEAK AND ALE PROPERTIES CORP. | LB-2008-CA-008392 | CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA |
| REAL ESTATE | FLORIDA RETAIL FEDERATION SELF INSURERS FUND V. STEAK AND ALE PROPERTIES CORP. | 08-CA-3438 | CIRCUIT COURT IN AND FOR ALACHUA COUNTY, FLORIDA |
| REAL ESTATE | LKTK, KKC V. S&A PROPERTIES CORP. | BER-LT-5001-08 | SUPERIOR COURT OF NEW JERSEY, BERGEN COUNTY |
| REAL ESTATE | NATIONAL RETAIL PROPERTIES, LP V. S&A PROPERTIES CORPORATION | UNKNOWN | DISTRICT COURT OF WICHITA COUNTY, TEXAS, --- JUDICIAL DISTRICT |

Note:

If a Debtor entity does not appear as a named party in a particular line item on this schedule it is because that Debtor is named under the full case name rather than the abbreviated case caption set forth on this Schedule. If multiple Debtors are named parties in a given proceeding, that proceeding will be listed on Attachment 4 of the Statement of Financial Affairs for each Debtor named.

S&A Properties Corp.                                                                                                         Attachment 5
Case Number: 08-41899

## 5. Repossessions, foreclosures and returns

| Location | Date | Type of Default | Cure Period |
|---|---|---|---|
| AMRESCO | 6/19/2008 | NOTICE OF ACCELERATION & DEMAND FOR PAYMENT | 5 DAYS FROM DATE OF LETTER |
| CHICAGO SCHAUMBURG BENN | 5/22/2008 | DEFAUL LETTER - DELINQUENT RENT | 10 DAYS |
| CHICAGO SCHAUMBURG BENN | 7/8/2008 | NOTICE OF ACCELERATION, EVICTION & DEMAND FOR RENT PAYMENT | NOT SPECIFIED ON LTR |
| CHICAGO WOODRIDGE | 5/20/2008 | DEFAULT LETTER - DELINQUENT RENT | SPECIFIES THAT WHATEVER THE PROVISIONS ARE WITHIN THE LEASE IF PAYMENT IS NOT MADE THEY WILL RETAIN AN ATTY. AND PROCEED WITH LEGAL ACTIONS |
| DETROIT - FARMINGTON | 6/8/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| ENGLEWOOD GRAND AVENUE | 5/20/2008 | NOTICE OF NON PAYMENT OF RESNT | 10 DAYS WITHIN DATE OF NOTICE - RESULT IN DEFAULT UNDER THE LEASE, LANDLORD WILL PURSUE REMEDY |
| ENGLEWOOD GRAND AVENUE | 6/3/2008 | TERMINATION OF LEASE | 10 DAYS TO CURE. IF WE DO NOT CURE ACTION TO RECOVER THE PREMISES WILL BEGIN |
| ENGLEWOOD GRAND AVENUE | 6/10/2008 | DEFAULT LETTER - PAST DUE RENT/TAXES | NOT SPECIFIED |
| ENGLEWOOD GRAND AVENUE | 6/17/2008 | TENANCY SUMMONS & COMPLAINT | 39626 |
| ENGLEWOOD GRAND AVENUE | 7/9/2008 | SEEKING JUDGMENT FOR POSSESSION | NOT SPECIFIED ON LETTER |
| FAYETTEVILLE MCPHERSON BE | 5/19/2008 | EMAIL REQUESTING RENT | NOT SPECIFIED |
| FAYETTEVILLE MCPHERSON BE | 5/30/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| FORT WORTH RICHLAND HILLS | 6/6/2008 | DEMAND NOTICE FOR PAYMENT OF RENT | IMMEDIATE PAYMENT |
| FT LAUDERDALE SUNRISE BEN | 7/11/2008 | ORDER OF IMPOSITION OF FINE AND CLAIM OF LIEN | NOT SPECIFIED |
| FT LAUDERDALE SUNRISE BEN | 7/21/2008 | ORDER OF IMPOSITION OF FINE AND CLAIM OF LIEN | NOT SPECIFIED |
| FT MYERS | 7/2/2008 | LATE RENT PAYMENT NOTICE | NEXT 5 DAYS BUSINESS DAYS |
| FT. LAUDERDALE FL | 5/16/2008 | DEMAND NOTICE FOR PAYMENT OF RENT | 10 DAYS TO PAY RENT PER LEASE AGREEMENT |
| FT. LAUDERDALE FL | 5/16/2008 | DEMAND NOTICE FOR PAYMENT OF RENT | 10 DAYS TO PAY RENT PER LEASE AGREEMENT |
| FT. LAUDERDALE FL | 7/10/2008 | DEMAND LETTER - PAST DUE RENT | NOT SPECIFIED |
| FT. LAUDERDALE FL | 7/10/2008 | ACCELERATION OF DEMAND FOR PAYMENT NOTICE | 30 DAYS |
| FT. LAUDERDALE FL | 7/10/2008 | ACCELERATION OF DEMAND FOR PAYMENT NOTICE | 30 DAYS |
| FT. LAUDERDALE FL | 7/10/2008 | DEMAND LETTER - PAST DUE RENT | NOT SPECIFIED |
| FT. LAUDERDALE FL | 7/15/2008 | | |
| FT. LAUDERDALE FL | 7/15/2008 | | |
| GAINESVILLE ARCHER BENN | 7/9/2008 | SUMMONS | 20 DAYS FOR WRITTEN RESPONSE TO COURT |
| HOUSTON - MANGUM | 5/15/2008 | VENDOR NOTICE OF NON PAYMENT OF INVOICES | 10 DAYS WITHIN NOTICE, ATTY WILL FILE A MECHANIC'S LIEN ON THE PROPERTY |
| ISLIP | 6/20/2008 | EMAIL REGARDING PAST DUE TAXES | NOT SPECIFIED |
| ISLIP | 6/27/2008 | NOTICE OF TERMINATION | 10 DAY - JULY 7TH EXPIRATION |

S&A Properties Corp.                                                                                          Attachment 5
Case Number: 08-41899

## 5. Repossessions, foreclosures and returns

| Location | Date | Type of Default | Cure Period |
|---|---|---|---|
| JACKSONVILLE - BAY MEADOWS | 5/15/2008 | NOTICE TO OWNER OF MECHANICS LIEN FILED AGAINST PROPERTY FOR NON PAYMENT OF INVOICE FOR ELECTRICAL WORK | 14 DAYS OF NOTICE |
| JACKSONVILLE - BAY MEADOWS | 5/22/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| JACKSONVILLE - BAY MEADOWS | 6/12/2008 | DEFAULT NOTICE | 3 DAYS, EITHER SURRENDER PREMISES OR PAY OUTSTANDING AMOUNT (2ND NOTICE) |
| JACKSONVILLE/ATLANTIC | 5/1/2008 | DEFAUL LETTER - DELINQUENT RENT | CLOSED UNIT - WITHIN 30 DAYS FROM 5/12/08 LEASE WILL BE DEEMED TERMINATED |
| JACKSONVILLE/ATLANTIC | 5/15/2008 | DEFAULT LETTER - DELINQUENT RENT | 3 BUSINESS DAYS FROM DATE OF NOTICE - LEASE WILL BE TERMINATED |
| JACKSONVILLE/ATLANTIC | 6/19/2008 | DENIAL OF SURRENDER TO LEASE | NOT SPECIFIED |
| JACKSONVILLE/ATLANTIC | 7/2/2008 | SUMMONS | NOT SPECIFIED ON LETTER |
| JACKSONVILLE/ATLANTIC | 7/11/2008 | DEFAULT LETTER - RENT | NOT SPECIFIED |
| JACKSONVILLE/BAY MEADOWS | 7/9/2008 | SUMMONS | 21 DAYS FOR WRITTEN RESPONSE TO COURT |
| MILFORD | 5/22/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| MILFORD | 7/15/2008 | NOTICE TO QUIT POSSESSION | 10 DAYS |
| NATIONAL RETAIL PROPERTIES | 6/20/2008 | NOTICE OF ACCELERATION & DEMAND FOR PAYMENT | 10 DAYS |
| NNN | 6/20/2008 | DENIAL OF SURRENDER TO LEASE | NOT SPECIFIED ON LETTER |
| NNN - BENNIGAN'S 1016 | 7/7/2008 | DEMAND FOR PAYMENT - RENT, LEGAL FEES AND REQUEST TO SURRENDER ALL COLLATERAL AND LIQUOR LICENSE | NOT SPECIFIED ON LETTER |
| NNN -STK - 1023 | 7/7/2008 | DEMAND FOR PAYMENT - RENT, LEGAL FEES AND REQUEST TO SURRENDER ALL COLLATERAL AND LIQUOR LICENSE | NOT SPECIFIED ON LETTER |
| NORFOLK | 6/8/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| NORFOLK | 7/14/2008 | DEMAND FOR PAYMENT | 10 DAYS |
| OKLAHOMA CITY - SOUTHSIDE | 6/24/2008 | FAX NOTICE REGARDING PAST DUE RENT | NOT SPECIFIED ON LETTER |
| OKLAHOMA CITY - SOUTHSIDE | 7/15/2008 | DEMAND FOR PAYMENT | NOT SPECIFIED |
| OKLAHOMA CITY - SOUTHSIDE | 7/21/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| OKLAHOMA CITY/MERIDIAN | 5/12/2008 | LATE RENT PAYMENT NOTICE | NO TIMEFRAME LISTED |
| OKLAHOMA CITY/MERIDIAN | 6/22/2008 | | NOT SPECIFIED ON LETTER |
| OKLAHOMA CITY/MERIDIAN | 6/22/2008 | DENIAL OF SURRENDER TO LEASE | NOT SPECIFIED ON LETTER |
| OKLAHOMA CITY/MERIDIAN | 6/22/2008 | DEMAND LETTER - PAST DUE RENT | NOT SPECIFIED |
| ORLANDO ALTAMONTE BENN | 5/22/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| ORLANDO ALTAMONTE BENN | 6/12/2008 | DEFAULT NOTICE | 3 DAYS, EITHER SURRENDER PREMISES OR PAY OUTSTANDING AMOUNT (2ND NOTICE) |
| ORLANDO ORANGE BLOSSOM TR | 7/9/2008 | NOTICE REGARDING PROPERTY OWNERS' ASSOC. DUES | NOT SPECIFIED ON LTR |
| PENSACOLA | 7/1/2008 | LATE RENT PAYMENT NOTICE | ON OR BEFORE JULY 7TH |
| PHILADELPHIA - TREVOSE | 6/8/2008 | DEFAULT LETTER - DELINQUENT RENT | 10 DAYS |
| RICHMOND - BROAD ST. | 5/12/2008 | LATE RENT PAYMENT NOTICE | NO TIMEFRAME LISTED |
| TULSA | 5/12/2008 | LATE RENT PAYMENT NOTICE | NO TIMEFRAME LISTED |

S&A Properties Corp. Attachment 5
Case Number: 08-41899

5. Repossessions, foreclosures and returns

| Location | Date | Type of Default | Cure Period |
|---|---|---|---|
| TULSA | 6/22/2008 | | NOT SPECIFIED ON LETTER |
| TULSA | 6/22/2008 | DENIAL OF SURRENDER TO LEASE | NOT SPECIFIED ON LETTER |
| TULSA | 6/22/2008 | DEMAND LETTER - PAST DUE RENT | NOT SPECIFIED |

S&A Properties Corp.
Case Number: 08-41899

Attachment 18a

18a. Nature, location, and names of business

| Name of Acquired Company in Merger/Former Name | Incorporated State | Date of Merger or Beg/End Dates of Former Name | Company Address | Company City, State |
|---|---|---|---|---|
| S&A FEE PROPERTIES SPE 1, LLC | DELAWARE | 6/5/1998 | 6500 INTERNATIONAL PARKWAY | PLANO, TX 75093 |
| S&A FEE PROPERTIES SPE 2, LLC | DELAWARE | 6/5/1998 | 6500 INTERNATIONAL PARKWAY | PLANO, TX 75093 |

S&A Properties Corp.  Attachment 21b
Case Number: 08-41899

## 21b. Current Partners, Officers, Directors and Shareholders with 5% or more ownership

| Name | Title | Address |
|---|---|---|
| ALAN GAYLIN | SENIOR VICE PRESIDENT - BUSINESS DEVELOPMENT | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| DON HUEY | VICE PRESIDENT - TREASURY RISK MANAGEMENT | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| KEITH FAULK | SENIOR VICE PRESIDENT - HUMAN RESOURCES | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| MARY MARTIN | VICE PRESIDENT - BUSINESS SERVICES | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| REBECCA M. MINOR | VICE PRESIDENT AND ASSISTANT GENERAL COUNSEL | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| RICHARD A. FRANK | EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL & ASSISTANT SECRETARY | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| SHARON HUDGINS MESSERLI | DIRECTOR | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| SHARON HUDGINS MESSERLI | VICE PRESIDENT - OPERATIONS - BENNIGAN'S | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| SHAWN JENKINS | VICE PRESIDENT - PURCHASING & DISTRIBUTION | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| SHERRY L. EVANS | VICE PRESIDENT AND DEPUTY GENERAL COUNSEL | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| SHERYL RANDOLPH | VICE PRESIDENT - MARKETING - TAVERN/STEAK & ALE/PONDEROSA/BONANZA | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| STEPHEN V. COFFEY | DIRECTOR | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| STEPHEN V. COFFEY | PRESIDENT AND CEO | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| TAMARA S. JONES | SENIOR VICE PRESIDENT/SECRETARY/TREASURER & CHIEF FINANCIAL OFFICER | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| TODD C. BROCK | VICE PRESIDENT & CONTROLLER | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |

S&A Properties Corp.  Attachment 22b
Case Number: 08-41899

22b. Former Partners, Officers, Directors and Shareholders

| Name | Title | Address |
| --- | --- | --- |
| CLAY DOVER | DIRECTOR | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| CLAY DOVER | PRESIDENT AND CEO | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| ERIC TAYLOR | SENIOR VICE PRESIDENT - WORLDWIDE FRANCHISING | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| FLYNN DEKKER | VICE PRESIDENT - MARKETING | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| JOHN SAILING | EXECUTIVE VICE PRESIDENT AND COO | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| JOHN SMALL | VICE PRESIDENT- BENNIGAN'S FRANCHISE OPERATIONS | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| LISA DILLARD | VICE PRESIDENT - RISK MANAGEMENT AND TREASURY | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| STEVEN ILLLES | VICE PRESIDENT- STEAK AND ALE OPERATIONS | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| TERRY HAMBIEN | VICE PRESIDENT - PURCHASING & DISTRIBUTION | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| VINCENT T. RUNCO | DIRECTOR | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |
| VINCENT T. RUNCO | PRESIDENT AND CEO | 6500 INTERNATIONAL PKWY STE 1000 PLANO, TX 75093 |

S&A Properties Corp.                                                                  Case Number: 08-41899

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

The undersigned signatory, David A. Persing, declares under penalty of perjury that he (i) was a member of the Board of Directors of S_A Restaurant Corp. (the "Company") for a number of years through and until shortly following the Petition Date; (ii) was not an officer (financial or otherwise) of the Company, nor was he an officer (financial or otherwise) or director of any of the Company's subsidiaries; (iii) did not review the financial records of the Company and its subsidiaries; and (iv) did not prepare, but has reviewed, the Statement of Financial Affairs (the "Statement") prepared by AlixPartners, and that, subject to the foregoing and subject to the Basis of Presentation of the Statement heretofore described, to the knowledge of the undersigned, the Statement correctly sets forth the information required to be presented therein.

Date:    August 21, 2008                           Signature:  /s/ David A. Persing

                                                   David A. Persing

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*